UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN BECERRADA,<br><br>             Plaintiff,<br><br>      v.<br><br>E. SILVA, *et al.*,<br><br>             Defendants. | Case No. 1:25-cv-01830-EPG (PC)<br><br>ORDER PERMITTING PLAINTIFF TO PROCEED ON CONDITIONS OF CONFINEMENT CLAIM AGAINST DEFENDANT SILVA<br><br>ORDER DIRECTING CLERK OF COURT TO TERMINATE CERTAIN DEFENDANTS ON THE DOCKET |

Plaintiff Ruben Becerrada is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 7). As amended, his complaint alleges that the roof of the prison gym fell on his head and injured him. (ECF No. 10).

The first amended complaint is now before the Court for screening. Upon review, the Court will permit Plaintiff to proceed on his claim that Defendant Silva subjected him to unconstitutional conditions of confinement in violation of the Eighth Amendment.

## I.      SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner has raised claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek

1

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Additionally, as Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a claim on these same bases under 28 U.S.C. § 1915(e)(2)(B)(i-iii). (ECF No. 7).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II.    SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT[1]

Plaintiff filed his first amended complaint on March 31, 2026. (ECF No. 10). He alleges that the underlying events occurred at Corcoran State Prison (CSP) and sues only CSP Warden E. Silva.[2] (*Id.* at 2).

Plaintiff states that, on September 23, 2025, he was attending his recreation gym group and "went to the restroom and the area roof structure ceiling collapsed striking the right skull area of [his] head [and] causing injury of hearing lost to [his] right ear" along with "neck

---

[1] For readability, minor alterations, like changing capitalization, have been made to some of Plaintiff's quotations without indicating each change.
[2] Because Plaintiff has omitted Defendants from his first amended complaint that were included in his initial complaint, the Court will direct the Clerk of Court to terminate Enrique Cortez, A. Guillen, M. Godina, and A. Randolph as Defendants on the docket.

2

numbness and pain." (*Id.* at 3–4). He asserts that Warden Silva "was aware of the gym structural ceiling failures from previous failures that the conditions of the gym ceiling structure continue being dangerous to staff and inmates using the facility." (*Id.* at 4).

Further, he alleges that "debris [is] still failing from the roof . . . and inmates are still using these buildings." (*Id.* at 5). And Warden Silva "acknowledge this risk that the ceiling under the top roof may be failure-to-protect which is what happen with plaintiff thinking there was no danger and it [was] safe." (*Id.*). "The first ceiling structure collapsed was warning what was going on with the construction work done above those whom occupied the buildings below had not been secured for this hazardous work above them." (*Id.*). And no warning about it being "unsafe to enter the gym had . . . been posted on the door." (*Id.*).

As for relief, Plaintiff seeks $2 million in damages. (*Id.* at 6).

## III.    ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

### A.    Section 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of

state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676–77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

**B.     Conditions of Confinement**

Plaintiff's first amended complaint brings an Eighth Amendment claim for unconstitutional conditions of confinement.

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be "restrictive and even harsh." *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other*

*grounds by Sandin v. Connor*, 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. *Farmer*, 511 U.S. at 834. "First, the deprivation alleged must be, objectively, sufficiently serious." *Id.* (citation and internal quotation marks omitted). Second, "a prison official must have a sufficiently culpable state of mind," which for conditions-of-confinement claims "is one of deliberate indifference." *Id.* (citations and internal quotation marks omitted). Prison officials act with deliberate indifference when they "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "The circumstances, nature, and duration" of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2006). Mere negligence on the part of a prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 834-35; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Here, Plaintiff alleges that the gym roof fell on his head, seriously injuring him. (ECF No. 10, pp. 3–4). Further, he alleges that Warden Silva "was aware of the gym structural ceiling failures from previous failures that the conditions of the gym ceiling structure continue being dangerous to staff and inmates using the facility." (*Id.* at 4). And generally, Plaintiff indicates that Warden Silva took no steps beforehand to prevent his injury. (*Id.* at 5).

Liberally construing Plaintiff's first amended complaint for the purposes of screening, the Court will permit Plaintiff to proceed on his claim that Defendant Silva subjected him to unconstitutional conditions of confinement in violation of the Eighth Amendment.

## IV.     CONCLUSION AND ORDER

For the reasons given above, IT IS ORDERED as follows:

1. The Clerk of Court is directed to terminate Enrique Cortez, A. Guillen, M. Godina, and A. Randolph as Defendants on the docket.

2. This case shall proceed on Plaintiff's claim that Defendant Silva subjected him to

unconstitutional conditions of confinement in violation of the Eighth Amendment.

3.     The Court will issue an order regarding service of the complaint in due course.

IT IS SO ORDERED.

Dated:    **April 30, 2026**          /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE

6